# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| Lynne Evans, | Civil Action No.: 1:10-cv-1427 |
| Plaintiff, | |
| v. | |
| Forster & Garbus, L.L.P.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Lynne Evans, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff, Lynne Evans ("Plaintiff"), is an adult individual residing in Arnold, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Forster & Garbus, L.L.P. ("Forster"), is a New York business entity

with an address of 500 Bi-County Boulevard, Suite 300, Farmingdale, New York 11735,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Forster and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.      Forster at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      Plaintiff incurred a financial obligation in the approximate amount of $5,000 (the

"Debt") to Bank of America (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under 15

U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Forster for collection, or

Forster was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Forster Engages in Harassment and Abusive Tactics

12.      The Defendants telephoned the Plaintiff at least five times each week.

13.      The Defendants continued to telephone the Plaintiff, even after she requested that

they stop calling her.

2

14.     The Defendants threatened to initiate a legal action against the Plaintiff, but have not done so.

15.     The Defendants attempted to collect $6,300 from the Plaintiff.  The additional amount is not authorized by the agreement that created the Debt.

16.     The Defendants failed to mail the Plaintiff a validation notice informing her of the amount of the original Debt and identifying the original Creditor.

17.     The Defendants failed to mail the Plaintiff a notice informing her of her right to dispute the Debt and to receive verification of the debt.

18.     The Defendants did not provide verification of the Debt, despite the Plaintiff's requests for such verification.

### C.  Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that the Defendants misrepresented the character, amount and legal status of the debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

26.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants

continued collection efforts even though the debt had not been validated.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

## MD. CODE COMM. LAW § 14-201, ET SEQ.

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Defendants are each a "collector" as defined under MD. Code Comm. Law § 14-201(b).

36.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

37.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

38.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Maryland state law.

42.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing Plaintiff with repeated telephone calls.

43.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

44.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV

## COMMON LAW FRAUD

46.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Maryland.

48.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, fear, frustration and embarrassment caused by the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: June 3, 2010

                                           Respectfully submitted,

                                           By /s/ Forrest E. Mays

                                           Forrest E. Mays (Bar No. 07510)
                                           2341 N Forrest Drive, Suite 90
                                           Annapolis, MD  21403
                                           Telephone: (410) 267-6297
                                           Facsimile: (410) 267-6234
                                           Email: mayslaw@mac.com
                                           MD Bar No. 07510

                                           Of Counsel To
                                           LEMBERG & ASSOCIATES L.L.C.
                                           A Connecticut Law Firm
                                           1100 Summer Street, 3rd Floor
                                           Stamford, CT 06905
                                           Telephone: (203) 653-2250
                                           Facsimile:  (877) 795-3666
                                           ATTORNEYS FOR PLAINTIFF